IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**MORRIS WASHINGTON,**

**Defendant.**                                              No. 03-cr-30148-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On August 22, 2012, the Court received a letter from defendant Washington asking the Court to change his name in this case to Silk Washington (Doc. 319). Based on the following, the Court dismisses the motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Washington does not cite any case law or statute which allows the Court to consider his motion.  Rule 35 is inapplicable because this motion is brought over 7 years *after* the sentencing and Judgment ( February 25, 2005 and March 1, 2005). Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not  filed within 7 days to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Morris could bring this motion is a § 2255 collateral attack and clearly the motion is untimely.  Because the Court finds that Washington's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motions.

Accordingly, the Court dismisses for want of jurisdiction Washington's motion to for name change (Doc. 319).

**IT IS SO ORDERED.**

Signed this 23rd day of August, 2012.

Digitally signed by
David R. Herndon
Date: 2012.08.23
15:22:30 -05'00'

**Chief Judge**
**United States District Court**